NOT DESIGNATED FOR PUBLICATION

No. 120,159

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD R. STRADFORD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 19, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM:  Ronald R. Stradford appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Stradford's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and requests that the judgment be affirmed.

On July 12, 2012, Stradford pled guilty to one count of felony driving under the influence and one count of driving on a suspended license. On October 26, 2012, the district court imposed a controlling sentence of 12 months in jail but granted probation for 12 months.

1

Based on a probation violation in 2013, the district court imposed a jail sanction but reinstated probation. Stradford then absconded from probation for about five years. At a hearing on September 7, 2018, Stradford admitted to violating the conditions of his probation by using drugs and by failing to report for his earlier jail sanction. The district court refused to reinstate probation, finding that continued probation would jeopardize public safety and would not serve Stradford's welfare. The district court revoked Stradford's probation and ordered him to serve his original 12-month jail sentence, but the court authorized work release. Stradford timely appealed.

On appeal, Stradford claims the district court "erred in revoking his probation and in imposing the underlying prison sentence." But he concedes that once there has been evidence of a probation violation, the decision to revoke probation rests in the district court's sound discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Stradford's probation was a complete failure and he absconded for about five years, although the district court did not bypass intermediate sanctions based on an absconder finding. Instead, the district court found that the safety of the members of the

2

public would be jeopardized or that Stradford's own welfare would not be served by such a sanction. See K.S.A. 2018 Supp. 22-3716(c)(9)(A). Stradford does not challenge this finding on appeal. In revoking Stradford's probation, the district court found:

"So at this point, I just can't put you back on probation, and I'm not going to be able to reinstate you. You're going to have to have a consequence for this. I'm sure you must have thought about that in the last five years that this thing wasn't going away, and you made the decision every day of that time period that, I'm not turning myself in, I'm not going to take care of this, I'm not going to try and mitigate this somehow.

"There is a consequence for that, and under the circumstances, with your criminal history, I think it's probably in your best interest, and certainly the community's, that you just serve your sentence and get this thing over and done with."

The district court's decision to revoke Stradford's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Stradford has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.